IN THE UNITED STATES DISTRICT COURT  
FOR THE SOUTHERN DISTRICT OF ALABAMA  
SOUTHERN DIVISION

| | |
|---|---|
| CASSANDRA ADAMS, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 24-00164-KD-B |
| | * |
| ALABAMA STATE BAR, *et al.*, | * |
| | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on review.[1] On May 23, 2024, Plaintiff Cassandra Adams, who is proceeding without an attorney, filed a civil complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2). In her complaint, Adams named as Defendants the Alabama State Bar and its general counsel, Roman A. Shaul. (Doc. 1 at 1-2). Adams invoked federal question jurisdiction under 28 U.S.C. § 1331 based on her assertion that "conspiracy to commit fraud" under 18 U.S.C. § 371 was at issue in this case. (Id. at 3). When prompted on the complaint form[2] to write a short and plain statement of her claim, Adams wrote: "On or about July 26, 2021 I began making complaints to the Alabama State Bar about

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

[2] Adams utilized a form titled "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case" for her complaint. (See Doc. 1).

1

unethical behavior on several attorneys and district attorneys. The majority was viewed by the defendant and ignored. Conspiring to commit fraud. Violation of U.S. Code 371." (Id. at 4 (alterations to spelling)). For relief, Adams requested "1,000,000" dollars. (Id.).

In an order dated June 7, 2024, the Court found that Adams' complaint violated federal pleading standards and failed to allege a valid basis for federal subject matter jurisdiction. (Doc. 3). The Court noted that Adams appeared "to assert that federal question jurisdiction exists in this case because the Defendants engaged in a 'conspiracy to commit fraud' in violation of 18 U.S.C. § 371." (Id. at 4). However, the Court explained:

> Section 371 'is a criminal statute, and courts throughout the country have found there is no private cause of action under this statute.' . . . Moreover, even if § 371 did provide a private civil remedy, which it does not, Adams alleges absolutely no facts suggesting that the Defendants conspired to defraud or commit an offense against the United States or one of its agencies. Adams' claim under 18 U.S.C. § 371 is wholly insubstantial and frivolous. Consequently, Adams' complaint fails to present any colorable federal issue or claim and does not provide the Court with a basis to exercise federal question jurisdiction over this action.

(Id. at 5 (internal citations omitted)). The Court also observed that Adams made no attempt to invoke diversity jurisdiction under 28 U.S.C. § 1332 and noted that there seemed "to be no basis for her do so, since the parties all appear to be Alabama citizens." (Id.). Thus, the Court concluded that there was no factual basis

2

for federal jurisdiction stated on the face of Adams' complaint. (Id. at 6).

The Court next described why Adams' complaint failed to satisfy basic federal pleading requirements. (Id. at 7-8). The Court noted that although the complaint identified the legal claim Adams was attempting to assert (albeit a frivolous one), it violated Federal Rule of Civil Procedure 8(a)(2) because it did provide adequate notice of the factual grounds for her claim and did not include enough factual detail or context to support a reasonable inference that any Defendant was liable for the conduct alleged. (Id.). The Court further noted that to the extent Adams was alleging fraud or conspiracy to commit fraud, she had not done so with particularity as required by Federal Rule of Civil Procedure 9(b). (Id. at 8).

The Court also explained to Adams that Eleventh Amendment immunity "extends to 'arms of the state,' including . . . state bar associations," and "to state officials sued in their official capacities when the state is 'the real, substantial party in interest.'" (Id. at 9-10 (citations omitted)). Thus, the Court informed Adams that to the extent she was "suing the Alabama State Bar and its general counsel, Roman A. Shaul, in his official capacity, any claim for damages against those Defendants is barred unless Adams can show that Congress has abrogated Alabama's Eleventh Amendment immunity for the particular type of claim she

3

is asserting." (Id. at 10). The Court further noted that "individual employees of the [Alabama] State Bar are immune for their decisions regarding the discipline of attorneys," and that "Rule 15 of the Alabama Rules of Disciplinary Procedure also provides that '[c]omplaints and petitions submitted pursuant to these Rules or testimony with respect thereto shall be absolutely privileged, and no lawsuit predicated thereon may be instituted.'" (Id. at 10-11 (citations omitted)). Finally, the Court noted that "a private citizen such as Adams lacks 'standing to sue a state bar grievance officer based on the officer's refusal to prosecute an attorney for alleged ethics violations.'" (Id. at 11 (citation omitted)).

The Court struck Adams' complaint and granted her leave to file an amended complaint addressing and correcting the noted deficiencies in her original complaint by July 5, 2024, to the extent she was able to do so. (Id. at 12). Additionally, the Court found that Adams' motion to proceed without prepayment of fees did not convey a complete and accurate depiction of her current financial situation; thus, the Court denied the motion without prejudice and ordered Adams to either pay the $405.00 filing fee or to file a new motion to proceed without prepayment of fees by July 5, 2024. (Id. at 14-15). The undersigned cautioned Adams that failure to fully and timely comply with the Court's directives would result in a recommendation that this action be

dismissed.  (Id. at 14, 16).[3]

On July 1, 2024, Adams submitted a letter to the Court requesting "an extension of time to complete the required paperwork."  (Doc. 4).  The Court granted Adams' request for an extension of time and ordered her "to comply with each of the directives in the Court's order dated June 7, 2024 (Doc. 3) on or before July 29, 2024."  (Doc. 5).

To date, Adams has not complied with any of the directives set out in the Court's order dated June 7, 2024.  Adams has not filed an amended complaint, despite being ordered to do so no later than July 29, 2024.  Likewise, Adams has neither paid the filing fee nor filed a new motion to proceed without prepayment of fees, despite being ordered to do one of those things by July 29, 2024.  Adams has not requested an additional extension of time to comply with the Court's order, she has not indicated that she is unable to comply with the Court's order, and she has provided no explanation for her failure to timely comply with the Court's directives.  Additionally, the docket reflects that none of the orders or documents sent to Adams in this case have been returned

---

[3] The undersigned directed the Clerk of Court to send Adams a copy of this Court's form for a motion to proceed without prepayment of fees and noted that Adams had already been provided with a copy of this Court's Pro Se Litigant Handbook.  (Doc. 3 at 16).  The undersigned encouraged Adams to review the Pro Se Litigant Handbook carefully and utilize it in drafting her amended complaint so as to avoid repetition of her pleading errors.  (Id.).

5

to the Court as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Adams has made no apparent attempt to comply with the Court's order directing her to file an amended complaint and to either pay the filing fee or to file a new motion to proceed without prepayment of fees by July 29, 2024, despite

6

the undersigned's clear warning that her failure to timely comply with the Court's order would result in a recommendation that this action be dismissed. Adams has not explained her failure to comply with the Court's order, she has not indicated that she is unable to comply, and she has not sought an additional extension of time to comply with the Court's directives. Adams' failure to comply with this Court's order suggests that she has lost interest in and abandoned the prosecution of this action. In light of Adams' failure to prosecute this action, and her failure to obey this Court's order by timely filing a complying amended complaint and either paying the filing fee or filing a new motion to proceed without prepayment of fees as directed, it is recommended that this action be **DISMISSED without prejudice**, as it appears no lesser sanction will suffice to induce her compliance with the Court's directives.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **5th** day of **August, 2024.**

　　　　　　　　　　　　　　　　　　/s/ SONJA F. BIVINS　　
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**